**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-7014**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

WILLIAM PENN REAVIS, SR., a/k/a William Penn Reavis,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Jerome B. Friedman, Senior District Judge.  (4:07-cr-00075-JBF-DEM-1; 4:09-cv-00157-JBF)

———————

Submitted:  March 29, 2012        Decided:  April 2, 2012

———————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

William Penn Reavis, Sr., Appellant Pro Se. Timothy Richard Murphy, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Penn Reavis, Sr., seeks to appeal the district court's order adopting the report and recommendation of the magistrate judge. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on April 20, 2011. The notice of appeal was filed on June 22, 2011.[*] Because Reavis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] For the purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P.4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
